**IN THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Jennifer L. Grant | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) Case no. 21-cv-02949 |
| Citibank N.A., TransUnion LLC, | ) |
| and Experian Information Solutions, Inc., | ) |
| | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff, Jennifer L. Grant, herein after "Plaintiff" by counsel and for her complaint against

Citibank N.A., TransUnion LLC, and Experian Information Solutions, Inc. alleges as follows:

## PRELIMINARY STATEMENT

1.      This is an action by a consumer seeking actual, statutory, and punitive damages, attorney

fees and costs for the defendant's violation of The Fair Credit Reporting Act (hereinafter "FCRA"),

15 U.S.C. §1681 *et seq.*, as well as for the defendant's violation of the Consumer Fraud and

Deceptive Business Practice Act, *815 ILCS 505*.

## JURISDICTION AND VENUE

2.      Personal jurisdiction is conferred upon each of the Defendants named herein inasmuch as

each of said Defendants transacts business within the State of Illinois or contract to supply goods

or services in the state.

3.      Plaintiff is a resident of Will County, Illinois and, therefore, venue is properly laid in this

Court.

## PARTIES

4.      Plaintiff is a natural person and resident of the Village of New Lenox, County of Will and the State of Illinois. Plaintiff is a consumer within the meaning of the FCRA as defined by 15 U.S.C. §1681a(c) and (b).

5.      Upon information and belief, TransUnion LLC (hereinafter "TransUnion" or "TU"), is a Limited Liability Company, created in the State of Pennsylvania and is authorized to do business in the State of Illinois.

6.      Upon information and belief, TransUnion is a "Consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

7.      Upon information and belief, TransUnion is a "consumer reporting agency" that "regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports or investigative consumer reports to third parties".

8.       Upon information and belief, TransUnion is regularly engaged in the business of compiling and maintaining files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity, each of the following regarding consumer residing nationwide:

a)              Public record information,
b)              Credit account information from persons who furnish that information regularly and in the ordinary course of business.

2

9.      Upon information and belief, Experian Information Solutions, Inc. (hereinafter "Experian"), is a corporation incorporated in the State of Ohio and is authorized to do business in the State of Illinois.

10.     Upon information and belief, Experian is a "Consumer reporting agency that compiles and maintains files on consumer on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

11.     Upon information and belief, Experian is a "consumer reporting agency" that "regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports or investigative consumer reports to third parties."

12.     Upon information and belief, Experian is regularly engaged in the business of compiling and maintaining files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity, each of the following regarding consumer residing nationwide:

a)              Public record information,
b)              Credit account information from persons who furnish that information regularly and in the ordinary course of business.

13.     Upon information and belief, Citibank N.A. is a foreign corporation incorporated outside of the State of Illinois and having a business address of 388 Greenwich Street, New York, New York 10013, and is doing business in the State of Illinois.

14.     Upon information and belief, Citibank N.A. is a furnisher of information to TransUnion and Experian.

## STATEMENT OF FACTS

15.     Plaintiff previously opened a Citibank N.A. Home Depot credit card in June of 2018.

16.     In or around April, 2020, Plaintiff was a victim of identity theft, and this Citibank N.A. Home Depot card was subject to this attack. At that time, it was found that Plaintiff was not responsible for the charges, and she requested that the account be closed.

17.     Plaintiff received a statement with a closing date of October 28, 2020 for an account ending in 0574 in the amount of $4,361.42. This statement reflects a purchase in that same amount at The Home Depot in Joliet on October 15, 2020.  *See attached Exhibit A.*

18.     Further, the plaintiff received a letter dated November 9, 2020 seeking to verify recent activity on the Home Depot Consumer Credit Card account ending in 9717, as there was suspicious activity detected on the account.   *See attached Exhibit B.*

19.     The Plaintiff did not use the credit cards ending in 0574 or 9717 and did not authorize any purchases on the account, as it was her understanding that the Citibank N.A. Home Depot credit card was previously closed in April, 2020 when she was the victim of identity theft.

20.     The Plaintiff received a letter dated November 10, 2020 indicating that the recent fraud claim on the account ending in 0574 was being investigated. *See attached Exhibit C.*

21.     Plaintiff then received a letter dated December 23, 2020 indicating that the investigation regarding her claim of unauthorized use on the account ending in 0574 was completed, and that it was determined that the Plaintiff was responsible for the charges in question based on the following: that she received a benefit from the disputed charges made on the account, and that the

facts and/or information reviewed as part of the investigation does not substantiate a claim of unauthorized use. *See attached Exhibit D.*

22.     After receiving the December 23, 2020 letter, Plaintiff contacted Home Depot Credit services and spoke with an individual named Amanda, who requested a picture of Plaintiff's driver's license to compare signatures.

23.     The Plaintiff received a statement with a closing date of December 28, 2020 for an account ending in 9717, which reflected a purchase in the amount of $4,361.42 on October 15. *See attached Exhibit E.*

24.     The Plaintiff received a letter dated January 22, 2020 indicating that the investigation regarding her claim of unauthorized use on the account ending in 0574 was completed, and that it was determined that the Plaintiff was responsible for the charges in question based on the following: that she received a benefit from the disputed charges made on the account, and that the facts and/or information reviewed as part of the investigation does not substantiate a claim of unauthorized use. *See attached Exhibit F.*

25.     The Plaintiff received a letter dated April 8, 2021 indicating suspicious activity on the account ending in 9717. *See attached Exhibit G.*

26.     Plaintiff did not make any purchases or authorize any activity on said account, as she had previously asked Home Depot Credit Services to close her accounts due to the previous identity theft attacks.

27.     The Plaintiff did not receive a benefit from the disputed charges made on the account.

28.     Upon receiving the statement with the closing date of October 28, 2020 in the mail, the Plaintiff contacted Home Depot Credit Services on multiple occasions to dispute owing the abovementioned debt(s), and requested that the account be closed.

29.     After receiving the April 8, 2021 correspondence, Plaintiff contacted Home Depot Credit Services, and was informed that the account had been closed as of April 28, 2021.

30.     On or about February 1, 2021, Plaintiff reported the identity theft/credit card fraud to the New Lenox Police Department, report # N2-21-0000326-001. ***See attached Exhibit H.***

31.     Since October 2020, Plaintiff has received at least 5 statements or notices alleging that Plaintiff owed amounts on the above-mentioned accounts.

32.     The alleged debt/debts were primarily for personal, family or household purposes and was therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), i.e. materials for home improvement.

33.     On March 11, 2021, Plaintiff sent a letter via Certified Mail to Experian, TransUnion, and The Home Depot/CBNA demanding that the accounts ending in 0574 and 9717 with The Home Depot/CBNA be investigated, and disputing hard inquiries of Comenity Capital/MPRC, Citibank, NA/MEJMC, Synchrony Bank, JPMCB Card, and American Express/Macy's. ***See attached Exhibit I.***

34.     Citibank N.A.'s reporting of the debt to one or more credit bureaus was an attempt to collect the debt.

35.     In or around March 2021, Plaintiff disputed to various consumer reporting agencies the inaccurate reporting of the alleged debt owed to Citibank N.A., including without limitation the disputes specified herein.

36.     Due to Defendants' respective failures to conduct reasonable investigations of Plaintiff's disputes, the indication on Plaintiff's credit reports is that the alleged debt was not appropriately deleted or modified.

37.     Upon information and belief, Plaintiff's credit reports erroneously list payment statuses as past due.

38.     As a result of Defendants' actions and omissions, Plaintiff has suffered actual damages, including without limitation detriment to her credit rating and emotional distress arising from her numerous—and ultimately futile—attempts to resolve this matter.

39.     The credit reporting agencies then falsely and deceptively notified the Plaintiff that they had "verified" that the disputed accounts were her responsibility and the inaccurate payment statuses would remain on her credit report.

## COUNT ONE - VIOLATION OF 15 U.S.C. §1681e(b) BY TRANSUNION

40.     Plaintiff realleges and reincorporates paragraphs 1 – 39 above as if fully set out herein.

41.     TransUnion violated 15 U.S.C. § 1681 e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files they published and maintained concerning the Plaintiff.

42.     As a result of the conduct, actions, and inaction of TransUnion, the Plaintiff suffered

various types of damage as set forth herein, including specifically, the loss of time and other frustration and aggravation associated with writing dispute letters, tracking the status of her disputes and monitoring her credit file, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

43.     The conduct, actions, and inaction of TransUnion were willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, they were negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

44.     The Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs, and her attorneys' fees from the Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o.

## COUNT TWO - VIOLATION OF 15 U.S.C §1681i(a)(I) BY TRANSUNION

45.     Plaintiff realleges and reincorporates paragraphs 1 – 44 above as if fully set out herein.

46.     TransUnion violated 15 U.S.C §1681i(a)(I) by their conduct which includes but is not limited to failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and to subsequently delete the information from the file.

47.     As a result of the conduct, actions, and inaction of TransUnion, the Plaintiff suffered various types of damage as set forth herein, including specifically, the loss of time and other frustration and aggravation associated with writing dispute letters, tracking the status of her disputes and monitoring her credit file, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

48.     The conduct, actions, and inaction of TransUnion were willful, rendering them liable for

punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, they were negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

49.     The Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs, and her attorneys' fees from the Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and 15 U.S.C. § 1681o.

### COUNT THREE - VIOLATION OF 15 U.S.C §1681i(a)(2) BY TRANSUNION

50.     Plaintiff realleges and reincorporates paragraphs 1 – 49 above as if fully set out herein.

51.     TransUnion violated 15 U.S.C § 1681i(a)(2) by its conduct which includes, but is not limited to, failing to send all relevant information that they received in Plaintiff's dispute letter to Citibank N.A.

52.     As a result of the conduct, actions, and inaction of TransUnion, the Plaintiff suffered various types of damage as set forth herein, including specifically, the loss of time and other frustration and aggravation associated with writing dispute letters, tracking the status of her disputes and monitoring her credit file, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

53.     The conduct, actions, and inaction of TransUnion were willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, they were negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

54.     The Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs, and her attorneys' fees from the Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and 15 U.S.C. § 1681o.

## COUNT FOUR - VIOLATION OF 15 U.S.C §1681i(a)(4) BY TRANSUNION

55.     Plaintiff realleges and reincorporates paragraphs 1 – 54 above as if fully set out herein.

56.     TransUnion violated 15 U.S.C §1681I(a)(4) by its conduct which includes, but is not limited to, failing to review and consider all relevant information that it received in Plaintiff's dispute.

57.     As a result of the conduct, actions, and inaction of TransUnion, the Plaintiff suffered various types of damage as set forth herein, including specifically, the loss of time and other frustration and aggravation associated with writing dispute letters, tracking the status of her disputes and monitoring her credit file, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

58.     The conduct, actions, and inaction of TransUnion were willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, they were negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

59.     The Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs, and her attorneys' fees from the Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and 15 U.S.C. § 1681o.

## COUNT FIVE VIOLATION OF 15 U.S.C §1681i(a)(5) BY TRANSUNION

60.     Plaintiff realleges and reincorporates paragraphs 1 – 59 above as if fully set out herein.

61.     TransUnion violated 15 U.S.C §1681I(a)(5) by their conduct which includes, but is not limited to, failing to delete any information which was the subject of Plaintiff's disputes and which

was inaccurate or could not be verified.

62.     As a result of the conduct, actions, and inaction of TransUnion, the Plaintiff suffered various types of damage as set forth herein, including specifically, the loss of time and other frustration and aggravation associated with writing dispute letters, tracking the status of her disputes and monitoring her credit file, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

63.     The conduct, actions, and inaction of TransUnion were willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, they were negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

64.     The Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs, and her attorneys' fees from the Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and 15 U.S.C. § 1681o.

## COUNT SIX - VIOLATION OF 15 U.S.C. §1681e(b) BY EXPERIAN

65.     Plaintiff realleges and reincorporates paragraphs 1 – 64 above as if fully set out herein.

66.     Experian violated 15 U.S.C. § 1681 e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files they published and maintained concerning the Plaintiff.

67.     As a result of the conduct, actions, and inaction of Experian, the Plaintiff suffered various types of damage as set forth herein, including specifically, the loss of time and other frustration and aggravation associated with writing dispute letters, tracking the status of her disputes and monitoring her credit file, and the mental and emotional pain, anguish, humiliation, and

embarrassment of credit denials.

68.     The conduct, actions, and inaction of Experian were willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, they were negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

69.     The Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs, and her attorneys' fees from the Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o.

### COUNT SEVEN - VIOLATION OF 15 U.S.C §1681i(a)(I) BY EXPERIAN

70.     Plaintiff realleges and reincorporates the paragraphs 1 - 69 above as if fully set out herein.

71.     Experian violated 15 U.S.C §1681i(a)(I) by their conduct which includes but is not limited to failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and to subsequently delete the information from the file.

72.     As a result of the conduct, actions, and inaction of Experian, the Plaintiff suffered various types of damage as set forth herein, including specifically, the loss of time and other frustration and aggravation associated with writing dispute letters, tracking the status of her disputes and monitoring her credit file, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

73.     The conduct, actions, and inaction of Experian were willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, they were negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

74.     The Plaintiff is entitled to recover actual damages, statutory damages, punitive damages,

costs, and her attorneys' fees from the Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and 15 U.S.C. § 1681o.

### COUNT EIGHT - VIOLATION OF 15 U.S.C §1681i(a)(2) BY EXPERIAN

75.     Plaintiff realleges and reincorporates paragraphs 1 – 74 above as if fully set out herein.

76.     Experian violated 15 U.S.C § 1681i(a)(2) by its conduct which includes, but is not limited to, failing to send all relevant information that they received in Plaintiff's dispute letter to Citibank N.A..

77.     As a result of the conduct, actions, and inaction of Experian, the Plaintiff suffered various types of damage as set forth herein, including specifically, the loss of time and other frustration and aggravation associated with writing dispute letters, tracking the status of her disputes and monitoring her credit file, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

78.     The conduct, actions, and inaction of Experian were willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, they were negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

79.     The Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs, and her attorneys' fees from the Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and 15 U.S.C. § 1681o.

### COUNT NINE - VIOLATION OF 15 U.S.C §1681i(a)(4) BY EXPERIAN

80.     Plaintiff realleges and reincorporates paragraphs 1 – 79 above as if fully set out herein.

81.     Experian violated 15 U.S.C §1681I(a)(4) by their conduct which includes, but is not limited

to, failing to review and consider all relevant information that it received in Plaintiff's dispute.

82.     As a result of the conduct, actions, and inaction of Experian, the Plaintiff suffered various types of damage as set forth herein, including specifically, the loss of time and other frustration and aggravation associated with writing dispute letters, tracking the status of her disputes and monitoring her credit file, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

83.     The conduct, actions, and inaction of Experian were willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, they were negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

84.     The Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs, and her attorneys' fees from the Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and 15 U.S.C. § 1681o.

## COUNT TEN VIOLATION OF 15 U.S.C §1681i(a)(5) BY EXPERIAN

85.     Plaintiff realleges and reincorporates paragraphs 1 – 84 above as if fully set out herein.

86.     Experian violated 15 U.S.C §1681I(a)(5) by their conduct which includes, but is not limited to, failing to delete any information which was the subject of Plaintiffs disputes and which was inaccurate or could not be verified.

87.     As a result of the conduct, actions, and inaction of Experian, the Plaintiff suffered various types of damage as set forth herein, including specifically, the loss of time and other frustration and aggravation associated with writing dispute letters, tracking the status of her disputes and monitoring her credit file, and the mental and emotional pain, anguish, humiliation, and

embarrassment of credit denials.

88.     The conduct, actions, and inaction of Experian were willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, they were negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

89.     The Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs, and her attorneys' fees from the Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and 15 U.S.C. § 1681o.

## COUNT ELEVEN - VIOLATION OF ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT *815 ILCS 505* BY TRANSUNION

90.     Plaintiff realleges and reincorporates paragraphs 1 – 89 above as if fully set out herein.

91.     TransUnion violated ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT *815 ILCS 505* as follows:

    a)      by failing to reinvestigate and record the status of the Plaintiff's dispute;
    b)      by failing to expunge the trade line for accounts ending in 0574 and 9717 and correct the Plaintiff's credit report;
    c)      by failing to refrain from reporting the trade line;
    d)      by failing to clearly and conspicuously disclose to the Plaintiff her rights to make a request for notification to any person designated by the Plaintiff who has received information regarding the item during the previous year that an error existed, and to furnish such person with the corrected information;
    e)      failing to forward a copy of the Plaintiff's statement;
    f)      failing to promptly indicate in the Plaintiff's credit report that the trade line is disputed, and
    g)      failing to clearly note in all subsequent consumer reports that the item is disputed by the Plaintiff.

92.     As a result of the conduct, actions, and inaction of TransUnion, the Plaintiff suffered various types of damage as set forth herein, including specifically, the loss of time and other frustration and aggravation associated with writing dispute letters, tracking the status of her

disputes and monitoring her credit file, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

93.     The conduct, actions, and inaction of TransUnion were negligent, entitling the Plaintiff to recover actual damages, costs, and her attorneys' fees from TransUnion in an amount to be determined by the Court pursuant to the Illinois Consumer Fraud and Deceptive Business Practice Act.

## COUNT TWELVE - VIOLATION OF ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT *815 ILCS 505* BY EXPERIAN

94.     Plaintiff realleges and reincorporates paragraphs 1 - 93 above as if fully set out herein.

95.     Experian violated ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT *815 ILCS 505* as follows:

> a)      by failing to reinvestigate and record the status of the Plaintiff's dispute;
> b)      by failing to expunge the inaccuracies on the trade line for accounts ending in 0574 and 9717 and correct the Plaintiff's credit report;
> c)      by failing to refrain from reporting the inaccuracies on the trade line;
> d)      by failing to clearly and conspicuously disclose to the Plaintiff her rights to make a request for notification to any person designated by the Plaintiff who has received information regarding the item during the previous year that an error existed, and to furnish such person with the corrected information;
> e)      failing to forward a copy of the Plaintiff's statement;
> f)      failing to promptly indicate in the Plaintiff's credit report that the trade line is disputed, and
> g)      failing to clearly note in all subsequent consumer reports that the item is disputed by the Plaintiff.

96.     As a result of the conduct, actions, and inaction of Experian, the Plaintiff suffered various types of damage as set forth herein, including specifically, the loss of time and other frustration and aggravation associated with writing dispute letters, tracking the status of her disputes and monitoring her credit file, and the mental and emotional pain, anguish, humiliation, and

embarrassment of credit denials.

97.     The conduct, actions, and inaction of Experian were negligent, entitling the Plaintiff to recover actual damages, costs, and her attorneys' fees from Experian in an amount to be determined by the Court pursuant to the Illinois Consumer Fraud and Deceptive Business Practice Act.

**COUNT THIRTEEN - VIOLATION OF 15 U.S.C. §1681s-2(b)(1)(A) BY CITIBANK N.A.**

98.     Plaintiff realleges and reincorporates the preceding paragraphs 1 – 97 above as if fully set out herein.

99.     Citibank N.A. violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b) by its actions, which include, but are not limited to: publishing the inaccurate and defamatory trade line to Plaintiff's credit file maintained by the credit reporting agencies; publishing the inaccurate and defamatory payment status for the trade line associated with accounts ending in 0574 and 9717 to Plaintiff's credit file maintained by the credit reporting agencies; failing to fully and properly investigate the Plaintiff's disputes; failing to review all relevant information regarding the same; failing to correctly report the results of a reasonable investigation to each of the credit reporting agencies; and by failing to report to the consumer reporting agencies that the information regarding the Plaintiff was incomplete or inaccurate in response to the requests for reinvestigation received.

100.    Citibank N.A. violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b)(1)(A) by, after receiving the request for reinvestigation from TransUnion, failing to conduct an investigation with respect to the disputed information.

101.    As a result of the conduct, actions, and inaction of Citibank N.A., the Plaintiff suffered various types of damage as set forth herein, including specifically, the loss of time and other

frustration and aggravation associated with writing dispute letters, tracking the status of her disputes and monitoring her credit file, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

102.    The conduct, actions, and inaction of Citibank N.A. were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

103.    The Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs, and her attorneys' fees from the Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and 15 U.S.C. § 1681o.

## COUNT FOURTEEN - VIOLATION OF 15 U.S.C. §1681s-2(b)(1)(B) BY CITIBANK N.A.

104.    Plaintiff realleges and reincorporates the preceding paragraphs 1 – 103 above as if fully set out herein.

105.    Citibank N.A. violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b)(1)(B) by, after receiving the request for reinvestigation from TransUnion, Experian, and Equifax, failing to review all relevant information provided by the credit reporting bureaus.

106.    As a result of the conduct, actions, and inaction of Citibank N.A., the Plaintiff suffered various types of damage as set forth herein, including specifically, the loss of time and other frustration and aggravation associated with writing dispute letters, tracking the status of her disputes and monitoring her credit file, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

107.    The conduct, actions, and inaction of Citibank N.A. were willful, rendering it liable for

18

punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

108.    The Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs, and her attorneys' fees from the Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and 15 U.S.C. § 1681o.

### COUNT FIFTEEN- VIOLATION OF 15 U.S.C. §1681s-2(b)(1)(C) BY CITIBANK N.A.

109.    Plaintiff realleges and reincorporates the preceding paragraphs 1 – 108 above as if fully set out herein.

110.    Citibank N.A. violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b)(1)(C) by, after receiving the request for reinvestigation from TransUnion, failing to report the results of the investigation to TransUnion.

111.    As a result of the conduct, actions, and inaction of Citibank N.A., the Plaintiff suffered various types of damage as set forth herein, including specifically, the loss of time and other frustration and aggravation associated with writing dispute letters, tracking the status of her disputes and monitoring her credit file, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

112.    The conduct, actions, and inaction of Citibank N.A. were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

113.    The Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs, and her attorneys' fees from the Defendant in an amount to be determined by the Court

pursuant to 15 U.S.C. §1681n and 15 U.S.C. § 1681o.

## COUNT SIXTEEN - VIOLATION OF 15 U.S.C. §1681s-2(b)(1)(D) BY CITIBANK N.A.

114.     Plaintiff realleges and reincorporates the preceding paragraphs 1 – 113 above as if fully set out herein.

115.     Citibank N.A. violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b)(1)(D) by, after the finding of an incompleteness or inaccuracy with respect to the pre-petition debt, failing to report those results to TransUnion as it has to Equifax.

116.     As a result of the conduct, actions, and inaction of Citibank N.A., the Plaintiff suffered various types of damage as set forth herein, including specifically, the loss of time and other frustration and aggravation associated with writing dispute letters, tracking the status of her disputes and monitoring her credit file, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

117.     The conduct, actions, and inaction of Citibank N.A. were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

118.     The Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs, and her attorneys' fees from the Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and 15 U.S.C. § 1681o.

## COUNT SEVENTEEN- VIOLATION OF 15 U.S.C. §1681s-2(b)(1)(E) BY CITIBANK N.A.

119.     Plaintiff realleges and reincorporates the preceding paragraphs 1 – 118 above as if fully set out herein.

120. Citibank N.A. violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b)(1)(E) by, after receiving the request for reinvestigation from TransUnion and finding that the item of information disputed therein was found to be inaccurate or incomplete, failing to (i) modify that item of information; (ii) delete that item of information; or (iii) permanently block the reporting of that item of information.

121. As a result of the conduct, actions, and inaction of Citibank N.A., the Plaintiff suffered various types of damage as set forth herein, including specifically, the loss of time and other frustration and aggravation associated with writing dispute letters, tracking the status of her disputes and monitoring her credit file, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

122. The conduct, actions, and inaction of Citibank N.A. were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

123. The Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs, and her attorneys' fees from the Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and 15 U.S.C. § 1681o.

## COUNT EIGHTEEN - DEFAMATION BY CITIBANK N.A.

124. Plaintiff realleges and reincorporates paragraphs 1 – 123 above as if fully set out herein.

125. Citibank N.A. published the false representation to TransUnion that Plaintiff was past due in payments on an account, and on multiple occasions, through TransUnion, to all of Plaintiffs potential lenders, including but not limited to:

a)      Each date on which Citibank N.A. sent information concerning the inaccuracies on the trade line(s) to the credit reporting agencies, which, upon information and belief, is believed to have occurred monthly; and

b)      Each date on which Citibank N.A. published the defamations through the credit reporting agencies to third parties.

These statements shall be referred to herein simply as "the defamations."

126.    The defamations were made with legal malice and a willful intent to injure the Plaintiff by placing derogatory information on her credit reports in an illegal and unconscionable attempt to elicit and extort payment from the Plaintiff. Citibank N.A. had reason to know, both by virtue of information communicated directly to it by Plaintiff and through the credit reporting agencies, that Plaintiff was not past due in payments on the account(s) in question.

127.    Further, Citibank N.A. willfully adopted procedures that wholly ignored the demands of Plaintiff, and other consumers generally, that inaccurate information should be removed from their credit files.

128.    As a result of the conduct, actions, and inaction of Citibank N.A., the Plaintiff suffered various types of damage as set forth herein, including specifically, the loss of time and other frustration and aggravation associated with writing dispute letters, tracking the status of her disputes and monitoring her credit file, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

129.    The defamations were malicious, willful, deliberate, intentional and/or with reckless disregard for the interests and rights of Plaintiff, so as to justify an award of punitive damages against Citibank N.A. in an amount to be determined by the Court.

130.   The Plaintiff is entitled to recover actual damages, punitive damages, and costs from Citibank N.A. in an amount to be determined by the Court.

### COUNT NINETEEN – VIOLATION OF 1692C(B) AGAINST CITIBANK N.A.

131.   Plaintiff realleges and reincorporates paragraphs 1 – 130 above as if fully set out herein.

132.   Citibank N.A. has reported and continues to falsely report that Plaintiff is or was past due in payments on an account to the credit bureaus, including but not limited to TransUnion, Experian, and Equifax.

133.   Plaintiff has contacted Citibank N.A. requesting that Citibank N.A. correct the reporting to the credit reporting agencies.

134.   Citibank N.A. has reported and continues to falsely report debt as being past due, to the credit bureaus, including but not limited to TransUnion, Experian, and Equifax.

135.   All of the above-described collection communications made to Plaintiff by Citibank N.A. and their collection employees employed by Citibank N.A., were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c(b), 1692d, 1692e, 1692e(2), 1692e(10), and 1692f, amongst others.

WHEREFORE, the Plaintiff demands judgment against Defendants as follows:

a.   for actual damages in an amount to be proven at trial;

b.   for statutory damages in the amount of $1,000 against each of the defendants for their violations of the Fair Credit Reporting Act;

c.   for statutory damages in the amount of $1,000 against Citibank N.A. for violations of the Fair Debt Collections Practices Act;

d.  for attorneys' fees and costs;

e.  for pre-judgment and post-judgment interest at the legal rate, and

f.  such other relief the Court does deem just, equitable, and proper.

**TRIAL BY JURY IS DEMANDED.**

Dated: June 2, 2021

By: Thomas W. Toolis

*/s/ Thomas W. Toolis*
Attorney for Plaintiff

Thomas W. Toolis
Frankfort Law Group
10075 W. Lincoln Highway
Frankfort, Illinois 60423
Attorney no. 6270743
708-349-9333
twt@jtlawllc.com

## VERIFICATION OF
## COMPLAINT AND CERTIFICATION

STATE OF ILLINOIS                )
                                 ) ss
COUNTY OF WILL                   )

Plaintiff, Jennifer L. Grant, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and we believe that all of the facts contained in it are true, to the best of our knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_____
Jennifer L. Grant

Subscribed and sworn to before me
this 2nd day of June , 2021

_____
Notary Public

OFFICIAL SEAL
KELLI M MENTGEN
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires 11/28/2021